FILED
 2009 Mar-09  PM 12:14
 U.S. DISTRICT COURT
 N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| WANDA CARR, | } |
| Plaintiff, | } |
| vs. | } CASE NO. CV 08-B-1371-W |
| TOWNSEND MAGNOLIA NISSAN; MARK TOLBERT; | } |
| Defendants. | } |

## MEMORANDUM OPINION

This case is before the court on Defendants' Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement and to Enter a Civil RICO Case-Statement Order. (Doc. 3.)[1] Upon review of the submissions of the parties and argument of counsel, the court finds Defendants' Motion is due to be granted.

### I.   Case Summary

Defendants have moved to dismiss this case in accordance with Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 3.) As an alternative to dismissal, Defendants move pursuant to FED. R. CIV. P. 12(e) that the court order Plaintiff to provide a more definite statement of her claim(s) and to provide a civil RICO case statement in accordance with Rules 12(e) and 16, FED. R. CIV. P., and Section 10.11 and Form 40.54 of

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

the Federal Judicial Center's *Manual for Complex Litigation* (4th ed. 2007).  (Doc. 3, p. 1-2; Ex. A & B.)

### A.      Complaint

Plaintiff's complaint arises out of a visit she made to defendant Townsend Nissan, Inc.[2] ("Townsend Nissan") in August 2006.  (Doc. 1, p. 2-3.)  Defendant Mark Tolbert ("Tolbert")[3], an employee of Townsend Nissan, allegedly told Plaintiff that he could "fix her credit" so that she could buy a car.  (Doc. 1, p. 3.)  Tolbert charged Plaintiff $500 for this service, and she was able to then purchase a car.  (Doc. 1, p. 3.)  Unbeknownst to Plaintiff, Tolbert simply stole another individual's identity to complete the sale of the car.  (Doc. 1, p. 3.)  Plaintiff was subsequently arrested and charged with identity theft.  (Doc. 1, p. 4.)  Plaintiff alleges that this incident was a part of a larger pattern of unlawful conduct on the part of Townsend Nissan.  (Doc. 1, p. 3-4.)

#### (i)      Jurisdiction

Plaintiff alleges that jurisdiction is proper in this court pursuant to all of the following: 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(1)-(4), 28 U.S.C. § 2201, 28 U.S.C. § 2202, and 42 U.S.C. § 1981.  (Doc. 1, p. 1.)

---

[2] Plaintiff incorrectly named "Townsend Magnolia Nissan" as a defendant.  The entity's legal name is Townsend Nissan, Inc., which the court will use in this opinion.

[3] In addition to listing Tolbert and Townsend Nissan, the Complaint lists fictitious defendants A, B, and C, whom Plaintiff alleges are "those unknown individuals, partnerships, firms, corporations, or other entities who participated or assisted in the wrongful acts alleged . . . ."  (Doc. 1, p. 3.)  As a general rule, fictitious party pleading is not permitted in federal court.  *See, e.g., New v. Sports & Rec.*, 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997).

Plaintiff states: "This suit is authorized and instituted pursuant to 42 U.S.C. §§ 1981/1981(a) as amended by the "Civil Rights Act of 1991" and The Racketeer Influenced and Corrupt Organizations Act ("RICO"), enacted as Title IX of the Organized Crime Control Act of 1970." (Doc. 1, p. 1-2.)  Plaintiff adds that "[t]he amount in controversy is within the jurisdictional requirements of this Circuit Court," (doc. 1, p. 2), although actions brought pursuant to 28 U.S.C. § 1331 or any other federal statute cited have no minimum amount in controversy requirement.

### (ii) Allegations

Plaintiff's Complaint contains four allegations, the last of which asserts a civil RICO claim and is the primary basis of the Complaint. (Doc. 1, p. 5.)  Plaintiff states that "[w]itnesses will show a pattern of unlawful conduct which will form the basis of a subsequent R.I.C.O. lawsuit against [Townsend Nissan]."  (Doc. 1, p. 3-4.)  In its "Preliminary Statement" of the RICO allegation, Plaintiff claims that Defendants engaged in actionable conduct in addition to and in furtherance of their RICO conspiracy, including: false swearing, negligent misrepresentations, intentional misrepresentations and other tortious conduct. (Doc. 1, p.5-6.)  According to Plaintiff, Defendants "collectively engaged in more than two criminal acts designed to deprive Wanda Carr, an [sic] of money belonging to her.  These individuals are prime candidates for the relief provided by a RICO civil action such as this one."  (Doc. 1, p. 6.)  Plaintiff's factual allegations of specific acts of misrepresentation are as follows:

> 23. Mark Tolbert knowingly made false statements under oath in his reports and buttressing these false swearings with oral, intentional misrepresentations. Mark Tolbert also made false statements buttressed with oral, intentional misrepresentations in his requests to the customers for money to "fix" their credit. Tolbert was successful in deceiving the plaintiff and a number of other potential vehicles purchasers at [Townsend Nissan].

(Doc. 1, p. 7.)

Plaintiff continues her civil RICO allegation with a "Statement of Operative Facts." (Doc. 1, p. 7.) This section restates allegations that Plaintiff visited Townsend Nissan, Tolbert offered to fix her credit for $500, and Plaintiff accepted that offer and purchased a vehicle. (Doc. 1, p. 7-8.) Under the heading "Racketeering Acts," Plaintiff contends that Townsend Nissan hired Tolbert and maintained his employment to perpetrate an illegal identity theft scheme in violation of "the Laws of the State of Alabama and The Racketeer Influenced and Corrupt Organizations Act . . . ." (Doc. 1, p. 8.) No Alabama laws are cited. Finally, under the heading "The RICO Enterprise," Plaintiff again alleges that Tolbert conducted a credit repair scheme while employed with and on the premises of Townsend Nissan, using stolen identities to purchase automobiles from Townsend Nissan. (Doc. 1, p. 8-9). Thus, the "defendant" has allegedly violated 18 U.S.C. §§ 1961 *et seq.*, (doc. 1, p. 9), although it is unclear whether Plaintiff is alleging that both Tolbert and Townsend Nissan violated the RICO statute, or just Tolbert.

In addition to the RICO claim, Plaintiff alleges state law causes of action. Plaintiff makes several allegations against both Tolbert and Townsend Nissan under the heading "Invasion of Privacy, Outrage, Negligent Supervision & Negligent Retention." (Doc. 1, p.

4

4.) Essentially, Plaintiff claims that Tolbert engaged in fraud while working for Townsend Nissan and that Townsend Nissan either knew or should have known that these acts were taking place. (Doc. 1, p. 4.) Despite the heading of this section of the Complaint, there are no allegations of fact to support a state law claim of "outrage" or "invasion of privacy."

Third, Plaintiff alleges that Defendants were negligent. (Doc. 1, p. 4-5.) As written, it is not entirely clear whether this allegation pertains just to Townsend Nissan or to Tolbert as well. Plaintiff does not state the specific facts that give rise to this claim, just that Plaintiff was damaged as a proximate result of Defendants' failure to use reasonable care to maintain the premises in a reasonably safe manner. (Doc. 1, p. 5.)

## II. Legal Standards

### A. 12(b)(6) MOTION TO DISMISS

According to the Federal Rules, a pleading that states a claim for relief must contain, besides an assertion of the grounds for the court's jurisdiction and a demand for relief, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When considering a defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules, the court must accept the factual allegations presented in the complaint as true and construe them in the light most favorable to the plaintiff. FED. R. CIV. P. 12(b)(6); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The Supreme Court has recently explained that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *See Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964–65 (2007) (internal citations omitted) (bracketed alteration in original). In essence, then, the Supreme Court has held that a motion to dismiss must be denied when "[plaintiffs' claims] may be supported by showing any set of facts consistent with the allegations in the complaint." *See Twombly*, 127 S. Ct. at 1969 (substantively rephrasing and thereby broadening the "no set of facts" dismissal standard that was the Supreme Court's previous precedent in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

### B. Civil RICO Suits

The court's jurisdiction is based exclusively on 18 U.S.C. § 1961 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act (the "RICO Act"). It establishes both "civil and criminal liability for persons engaged in a pattern of racketeering activity." *Langford v. Rite Aid of Alabama, Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000)(internal quotation omitted); *see* 18 U.S.C. § 1962(a)-(d). Under 18 U.S.C. § 1964, an individual injured by a violation of the RICO Act may assert a civil cause of action. Civil RICO liability has four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Langford*, 231 F.3d at 1311. "Racketeering activity" is defined as any of the crimes enumerated in 18 U.S.C. § 1961(1). A plaintiff in a civil RICO action "must identify and prove a pattern of racketeering activity," and such a pattern requires at least two

6

predicate acts of racketeering activity within a ten year period. *Langford*, 231 F.3d at 1311-12; 18 U.S.C. § 1961(5).

"Thus, in order to survive a motion to dismiss, the plaintiff must allege facts sufficient to support at least two of the predicate acts of racketeering activity." *Aeropower, Ltd. v. Matherly*, 511 F. Supp. 2d 1139, 1149 (M.D. Ala. 2007)(citing *Republic of Panama v. BCCI Holdings*, 119 F.3d 935, 949 (11th Cir. 1997)). Because the plaintiff in a civil RICO case "necessarily alleges that the defendant has engaged in a pattern of racketeering activity involving fraud and/or indictable offenses," the heightened pleading requirements of FED. R. CIV. P. Rule 9(b) apply. *Hunt v. American Bank & Trust Co. Of Baton Rouge, La.*, 606 F. Supp. 1348, 1363 (N.D. Ala. 1985). Rule 9(b) requires the plaintiff "to state with particularity the circumstances constituting fraud . . . ." Conclusory allegations are not sufficient. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004).

### III.   Discussion

**Predicate Acts**

Plaintiff's primary allegation of illegal activity in this case arises out of Tolbert's alleged identity theft scheme, which is not an offense defined as "racketeering activity" under 18 U.S.C. § 1961(1). Even assuming that this act did constitute racketeering activity, which it does not, Plaintiff has failed to assert a second predicate act necessary to show a pattern of racketeering activity and establish the elements of a civil RICO suit. *See Langford*, 231 F.3d at 1311 (elements of civil RICO suit). Plaintiff's additional allegations are either vague or conclusory: "[Townsend Nissan] and Mark Tolbert, collectively engaged

in more than two criminal acts designed to deprive Wanda Carr, an [sic] of money belonging to her" (doc. 1, ¶ 21); "Tolbert was successful in deceiving the plaintiff and a number of other potential vehicle purchasers" (doc. 1, ¶ 23); "[w]itnesses will show a pattern of unlawful conduct which will form the basis of a subsequent civil R.I.C.O. lawsuit against your business" (doc. 1, ¶ 7); and "the defendants engaged in other actionable conduct including, but not limited to, false swearing, negligent misrepresentations, intentional misrepresentations and other tortious conduct." (Doc. 1, ¶ 18.) None of these allegations contain facts sufficient to establish the statutory elements of a predicate act.[4] Plaintiff's civil RICO suit cannot survive Defendants' Motion to Dismiss. *See Aeropower*, 511 F. Supp. 2d at 1149; *see also Jackson*, 372 F.3d 1263.

IV. **Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is due to be granted and Plaintiffs' Complaint dismissed. Defendants' alternative Motion for More Definite Statement and to Enter a Civil RICO Case-Statement Order is **MOOT**. An order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

---

[4] Given this finding, the court pretermits discussion of defendants' meritorious argument that the Complaint also fails to allege an "enterprise," which is an essential element of a RICO claim. As defendant notes, the defendant in a Civil Rico complaint "must be separate and distinct from the 'enterprise' named therein." (Doc. 3, p. 4.)

**DONE**, this 9th day of March, 2009.

                                                                /s/ Sharon Lovelace Blackburn
                                                                SHARON LOVELACE BLACKBURN
                                                               CHIEF UNITED STATES DISTRICT JUDGE